Natasha Prinzing Jones
BOONE KARLBERG P.C.
201 West Main, Suite 300
P. O. Box 9199
Missoula, MT 59807-9199
Phone:  (406) 543-6646
Fax:     (406) 549-6804
npjones@boonekarlberg.com
*Attorneys for Defendants Monsanto Company
and Bayer Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DEBORAH SANDERS, Individually and as a Personal Representative of the Estate of JAKE SANDERS, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY, BAYER CORPORATION, ALBAUGH, LLC and DOES 1-10.<br><br>Defendants. | Case No. _____<br><br><br>**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *Deborah Sanders, Individually and as a Personal Representative of the Estate of Jake Sanders, Deceased v. Monsanto Company et al.*, bearing Case Number DV-41-2021-0000348, from the Montana Twenty First

Judicial District Court, Ravalli County, to the United States District Court for the District of Montana. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

# INTRODUCTION

1. In this products liability lawsuit, Plaintiff Deborah Sanders sues Monsanto, Bayer Corporation, and Albaugh, LLC for the injuries and death of Jake Sanders allegedly caused by glyphosate-based herbicides. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer. Nevertheless, Plaintiff alleges that exposure to glyphosate-based herbicides caused decedent Jake Sanders' cancer—specifically, T-Cell Lymphoblastic Non-Hodgkin Lymphoma—and death.

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California,

before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Ms. Sanders is a citizen of Montana. For purposes of diversity jurisdiction, none of the Defendants are citizens of Montana. Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer and death allegedly caused by exposure to glyphosate-based herbicides.

## BACKGROUND AND PROCEDURAL HISTORY

4. Ms. Sanders commenced this lawsuit in the Montana Twenty First Judicial District Court, Ravalli County, by filing a complaint, captioned *Deborah Sanders, Individually and as a Personal Representative of the Estate of Jake Sanders, Deceased v. Monsanto Company et al.,* bearing Case Number DV-41-2021-0000348 (the "State Court Action"). On July 20, 2023, Ms. Sanders filed the Amended Complaint ("Complaint"), which is the operative complaint and the only complaint served on Monsanto in this case.

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Monsanto in the State Court Action are attached

as **Exhibit 1**. This lawsuit seeks damages for T-Cell Lymphoblastic Non-Hodgkin Lymphoma and death allegedly caused by exposure to glyphosate-based herbicides. *See, e.g.*, Complaint ¶¶ 52, 55.

## BASIS FOR REMOVAL — DIVERSITY JURISDICTION

6. Plaintiff Deborah Sanders is, and was at the time the State Court Action was filed, a resident and citizen of the State of Montana. *See* Complaint ¶ 1. Prior to and at the time of his death, Jake Sanders was also a resident and citizen of the State of Montana. *Id.*

7. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction. Monsanto is not a citizen of the State of Montana. *See* Complaint ¶ 3.

8. Bayer Corporation is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Indiana, with its principal place of business in the State of New Jersey. Thus, Bayer Corporation is deemed to be a citizen of Indiana and New Jersey for purposes of federal diversity jurisdiction. Bayer Corporation is not a citizen of the State of Montana. *See* Complaint ¶ 2.

9. Albaugh, LLC is a limited liability company with two members—Albaugh Family Holdings, Inc. and Nutrichem USA, Inc. Albaugh Family Holdings, Inc. is incorporated under the laws of the State of Iowa with its principal place of business in the State of Iowa. Nutrichem USA, Inc. is incorporated under the laws of the State of Delaware with its principal place of business in the State of Delaware. Thus, Albaugh, LLC is deemed to be a citizen of Iowa and Delaware for purposes of federal diversity jurisdiction. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Albaugh, LLC is not a citizen of Montana. *Id*.

10. The Complaint seeks compensatory and punitive damages based on the allegations that glyphosate-based herbicides caused Jake Sanders' cancer and death. Plaintiff also seeks reimbursement for "medical expenses, loss of income, funeral expenses and other economic and non-economic damages" and specifically alleged that "Jake Sanders and his family incurred a considerable amount of medical expenses and incidental expenses." *See* Complaint ¶¶ 55, 53. Therefore, it is plausible from the face of the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal

need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking damages for cancer allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under §1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

11.   In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.[1]

## **PROCEDURAL REQUIREMENTS**

12.   The Montana Twenty First Judicial District Court is located within the District of Montana. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

13.   Monsanto was served with the Complaint on August 1, 2023. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

---

[1] The citizenship of "Doe" defendants must be disregarded when determining whether this lawsuit is removable based on § 1332(a). *See* 28 U.S.C. § 1441(b)(1).

14. Bayer Corporation consents to this removal. *See* **Exhibit 2**.

15. Albaugh, LLC consents to this removal. *See* **Exhibit 3**.

16. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Montana Twenty First Judicial District Court and will be promptly served on Plaintiff.

17. Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in subsequent proceedings.

18. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## **CONCLUSION**

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

DATED: August 22, 2023                    Respectfully submitted,

*/s/ Natasha Prinzing Jones*
Natasha Prinzing Jones
BOONE KARLBERG P.C.
*Attorneys for Defendant*
*MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of August, 2023, the foregoing was duly served on the following by the means indicated:

| | |
|---|---|
| __1__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| __2__ | E-Mail |

1.  Clerk of U.S. District Court

2.  Dylan M. McFarland
    W. Adam Duerk
    KNIGHT NICASTRO MACKAY, LLC
    283 West Front Street, Suite 203
    Missoula, MT 59802
    mcfarland@knightnicastro.com
    duerk@knightnicastro.com
    *Attorneys for Plaintiff*

                                                */s/ Natasha Prinzing Jones*
                                                Natasha Prinzing Jones
                                                BOONE KARLBERG P.C.
                                                *Attorneys for Defendant*
                                                *MONSANTO COMPANY*